Edwabd M. O ’Gorman, J.
This is an application by petitioner for a judgment staying arbitration commenced on behalf of the respondent LaPerta. The matter has been referred to this court for a hearing to determine whether or not one Louis A. Tonioli was an “ uninsured motorist ” within the terms of the endorsement to the insurance policy No. 23856711 issued to Louis LaPerta by the Allstate Insurance Company.
On March 31,1967, the said Louis A. Tonioli, while operating a motor vehicle leased by the respondent the Hertz Corp. to one Jean A. Eiquier on the 23d day of March, 1967, was involved in an accident with another automobile owned and operated by Louis LaPerta, in which accident the respondent Agnes LaPerta was injured. It is the contention of the petitioner that the motorist Tonioli was not an uninsured motorist within the meaning of its endorsement, in that the owner of the leased vehicle Was covered by a policy of liability insurance which was in effect at the time of the accident.
The respondent the Hertz Corp., on the other hand, contends that the said motor vehicle at said time and place was being operated without its consent or permission, and that therefore, pursuant to the provisions of section 388 of the Vehicle and Traffic Law, the owner of the leased vehicle is under no liability to the petitioner which would invoke any insurance coverage on the owner’s behalf.
Respondent’s contention, that the vehicle was being operated without its permission, is based upon a condition contained in the rental agreement form which represented the leasing transaction between Eiquier and the Hertz Corp. This condition, in substance, withholds consent for the operation of the vehicle where the vehicle is operated by a driver who, among other things, is not a member of the immediate family of the lessee or is not in any employment relationship to the lessee.
This limitation is printed on the reverse side of the leasing form which is issued by the respondent the Hertz Corp. It is included among some 1,500 words of limitation, printed in agate type (14 lines to the inch).
*756 The respondent the Hertz Corp. calls to the court’s attention Burmaster v. State of New Yorh (7 N Y 2d 65, 70) in which the general proposition is laid down that the owner of an automobile has the right to restrict the use of that vehicle when placing it in the hands of another.
However, in this case we are not dealing with the average owner of a motor vehicle, but we are instead dealing with a large corporation engaged in the business of daily leasing large numbers of motor vehicles which, while abroad on the highways, will necessarily become involved in a proportionate number of accidents. It is this element of size and frequency of leasing, when taken in conjunction with the probable conduct of the large number of drivers who will lease those vehicles, which creates a situation which differs substantially from the isolated transactions engaged in by an individual owner of a motor vehicle. In such a situation, the proper rule has been clearly indicated in the language of Justice Hopkins in Cooperman v. Ferrentino (37 A D 2d 474, 477): “ The business of leasing automobiles has assumed a widespread and growing role in our economy. The restrictions laid down by the dealer affect the use of many automobiles, not one; and the restrictions continue over the period of the ownership of those automobiles by the dealer in his business, not for the temporary loan by an individual owner to a relative or friend. To the extent that these restrictions render ineffectual the purpose of the statute, the third parties who are injured by the negligence of the lessee are left remediless. We have already made clear in Barnes v. Shut Private Car Serv. (35 A D 2d 841) that considerations of public policy will prevent the evasion of the statutory liability of a party leasing cars for profit through the attempted device of conditions on use which in truth run counter to the realities and disguise the transaction.”
For the foregoing reasons, the court finds that the limitation on permission to operate this vehicle contained in the small print on the reverse side of the leasing agreement was not effectual to void the insurance coverage which would otherwise have been applicable to the leased vehicle, and for this reason I find that the driver Tonioli was not an uninsured motorist within the terms of the endorsement of petitioner’s insurance policy, and as a result, the relief sought by way of a stay of the pending arbitration proceedings is hereby granted.